UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
JERRY and JUDITH CARTER; MONIQUE EVANS;
EBONY BOLSTON, Individually and as Mother and
Natural Guardian of C.L. and M.L. (both age 5);
 and GEORGE EVANS,                                              12 CV 324 (KAM) (JO)

                                  Plaintiffs,

                                                                **FIRST AMENDED**
             -against-                             **COMPLAINT**

**THE CITY OF NEW YORK**, **DET. TIMOTHY SHERIDAN,
SGT. GILBERT BARKMAN, CAPT. WILLIAM RUSSO,
AND SGT. THOMAS GLAUDINO,**           **JURY TRIAL DEMANDED**


                                     Defendants.
---------------------------------------------------------------------------------X

       Plaintiffs, by their attorney, Joel Berger, Esq., for their complaint allege, upon information and belief, as follows:

### NATURE OF THE ACTION

       1.       This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution and laws of the United States and the State of New York, including an illegal entry into and search of a dwelling by employees of the New York City Police Department (NYPD).

### JURISDICTION AND VENUE

       2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

       3.       The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

       4.       Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On December 23, 2011, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### *JURY DEMAND*

9. Plaintiffs demand trial by jury in this action.

### *PARTIES*

10. Plaintiffs are all African-Americans, citizens of the United States and residents of the State of New York.

11. Jerry and Judith Carter, an adult married couple, are residents of the Brooklyn apartment where the NYPD raid that is the subject of this lawsuit took place: 295 Jackson Street, Apartment 7D, Brooklyn, NY 11201. The building is in the Cooper Houses, a project of the New York City Housing Authority (NYCHA).

12. Monique Evans, adult daughter of Jerry and Judith Carter, also resides in the apartment where the NYPD raid that is the subject of this lawsuit took place.

13. Ebony Bolston, Jerry Carter's niece, and her twin daughters C.L. and M.L., age 5,

were visiting in the apartment at the time of the raid.

14. Ms. Bolston and her daughters reside in the same NYCHA building as Mr. and Ms. Carter, one floor below in Apartment 6A.

15. Ms. Bolston brings this action both individually and as mother and natural guardian of her 5 year-old twin daughters, C.L. and M.L.

16. George Evans (Judith Carter's brother) was also visiting in the apartment at the time of the raid.

17. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

18. Defendant City of New York operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers.

19. At all times relevant herein, Detective Timothy Sheridan (Shield 7538), Sgt. Gilbert Blackman (Shield 926), and Captain William Russo were employees of the NYPD, assigned to the Brooklyn South Gang Squad, who authorized, ordered, participated in or were otherwise involved in raid.

20. At all times relevant herein, Sgt. Thomas Glaudino (Shield 744) was the commanding officer of an Emergency Services Unit team that participated in the raid.

21. At all times relevant herein, defendants Sheridan, Blackman, Russo and Glaudino were acting as agents, servants and employees of defendant City of New York and the NYPD.

22. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

23. On Thursday, December 1, 2011, at approximately 5:00 A.M., numerous police officers, with firearms drawn and pointed at plaintiffs, broke through the door of Apartment 7D at 295 Jackson Street and raided the apartment.

24. Plaintiffs Jerry and Judith Carter and their daughter Monique Evans, were immediately handcuffed.

25. All plaintiffs, occupants of the apartment at the time, were terrified.

26. The police officers searched the apartment extensively between approximately 5:00 A.M. and 6:40 P.M.

27. The police officers destroyed property in the apartment during the raid, including a closet door to which Mr. Carter had offered the officers the keys, and a safe to which Mr. Carter had offered the officers the combination.

28. No contraband was found.

29. No arrests were made.

30. Although the police had a search warrant, the warrant was issued without probable cause, based upon false, misleading, incomplete and grossly unreliable allegations made by defendant Sheridan to a judge.

31. The search warrant was issued on the basis false, misleading, incomplete and grossly unreliable information from a grossly unreliable informant.

32. The search warrant was obtained by defendant Sheridan by deliberately or recklessly withholding from the issuing judge information indicating the unreliability of the information and the

4

informant. *Southerland v. City of New York*, 652 F.3d 209, 225-27 (2d Cir. June 10, 2011); *Golino v. City of New Haven*, 950 F.2d 864, 870-72 (2d Cir. 1991).

33.     The warrant was obtained and executed in violation of numerous guidelines issued by the Police Commissioner in the wake of the tragic death of Ms. Alberta Spruill in Harlem in May 2003, including, but not limited to

   (i)    the pre-execution documentation required by NYPD Patrol Guide (PG) 212-75 (5), implementing Commissioner's IO-40, 8/25/03,

   (ii)   the Formal Pre-Execution Plan and other data required by IO-41, 8/25/03

   (iii)  the Formal Post-Execution Critiques that must be prepared by the Commanding Officer who supervised execution of the warrants and the review of that Critique by the Borough Executive Officer, required by Commissioner's IO-42, 8/25/03 -- especially important in cases where executing a search warrant produces no contraband and no arrests whatsoever

   (iv)   Commissioner Kelly's report to the Mayor on the *Spruill* case (May 30, 2003) at 8, 9, 10, 12 and 20, promising numerous reforms in the application for and execution of search warrants;

   (v)    Chief of Patrol Estavillo's memorandum of October 23, 2002 (Memorandum Number 567s.02), cited repeatedly in Commissioner Kelly's report to the Mayor on the *Spruill* case; and

   (vi)   Commissioner Kelly's testimony before the New York City Council Committee on Public Safety (June 4, 2003) at 41, 48, 88-89, on the *Spruill* case, also promising numerous reforms in the application for and execution of search

warrants.

34.     The raid of December 1, 2012, has left plaintiffs shattered and frightened. They are fearful that if the police could do this sort of thing to them once, it could easily happen again. They are scared that they have no defense against this kind of police intrusion into the sanctity of their own dwelling.

35.     Mr. and Ms. Carter have been residents of in the apartment for approximately 19 years, without incident.

## *FIRST CLAIM FOR RELIEF*

36.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-35.

37.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## *SECOND CLAIM FOR RELIEF*

38.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-35 and 37.

39.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

40.     The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

41. The official policies, practices and customs of the City of New York and the NYPD alleged in ¶¶ 1-35, 37 and 39-40 violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

42. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-35, 37, and 39-41.

43. The conduct toward plaintiffs alleged herein constituted an illegal entry into and search of a dwelling, false imprisonment, destruction of property, and employee negligence.

44. The conduct toward plaintiffs alleged herein subjected them to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### *FOURTH CLAIM FOR RELIEF*

45. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-35, 37, 39-41, and 43-44.

46. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 3, 2012

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFFS**

8